UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00716-SEB-TAB |
| | ) |
| ANDREW M. SAUL Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff appeals the Social Security Administration's denial of her application for disability insurance benefits. On appeal, Plaintiff takes issue with many components of the Administrative Law Judge's decision and argues that it is not supported by substantial evidence. Plaintiff contends that the ALJ erred with her step three determination, RFC determination, and evaluation of Plaintiff's subjective statements. For reasons stated more fully below, the ALJ's decision is supported by substantial evidence. The ALJ conducted proper analysis and evaluation of the objective medical evidence and Plaintiff's subjective statements of her symptoms. Therefore, Plaintiff's request for remand should be denied.

**II.   Background**

Plaintiff filed an application for a period of disability and disability insurance benefits. The Social Security Administration denied her claim initially and upon reconsideration. After a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. §§ 404.1520(a) and 416.920(a). First, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. Subsequently, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that Plaintiff has the following severe impairments: coronary artery disease status post myocardial infarction with failed distal right coronary artery stenting; left ventricular dysfunction; history of acute systolic congestive heart failure; hypertension; history of recurrent acute hypoxic hypercarbic respiratory failure; history of hypertensive emergency with labile hypertension and hypotension; history of subarachnoid hemorrhage related to cerebral brain aneurysm status post craniotomy; COPD; obesity; metabolic syndrome; diabetes mellitus; obstructive sleep apnea; and major depressive disorder. [Filing No. 7-2, at ECF p. 22.] The ALJ noted that these impairments significantly limit the ability to perform basic work activities as required by SSR 85-28.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Before reaching step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except:

> [Plaintiff] can lift carry, push, and pull 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; stand and walk, in combination, for 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; no concentrated exposure to extreme cold, extreme heat, humidity, or respiratory irritants such as dusts[,] odors, fumes, and gases; no exposure to unprotected heights or dangerous machinery; and limited to simple, routine, and repetitive work.

[Filing No. 7-2, at ECF p. 25.]

Next, at step four, the ALJ determined that Plaintiff could perform past relevant work as a cashier because this work did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. [Filing No. 7-2, at ECF p. 29.] Thus, the ALJ concluded that Plaintiff was not disabled.

### III. Discussion

Plaintiff raises multiple issues with the ALJ's decision and contends that it is not supported by substantial evidence. The Court reviews the ALJ's decision to determine whether the factual findings in the decision are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

#### a. Step three determination

First, Plaintiff contends that the ALJ erred at step three in evaluating Plaintiff's claim. [Filing No. 10, at ECF p. 8.] As noted above, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [Filing No. 7-2, at ECF p. 22.] Plaintiff argues that this determination is unsupported "with respect to medical equivalence." [Filing No. 10, at ECF p. 8.]

Plaintiff cites to the opinions of state agency medical and psychological consultants J.V. Corcoran, M.D., and Patricia Garcia, Ph.D., arguing that these opinions are unsupported given the totality of the record evidence and incomplete because of new evidence submitted after they completed their review. [Filing No. 10, at ECF p. 8.] However, the ALJ did not rely solely on the opinions of the state agency consultants in making the step three determination. The ALJ's analysis of this step spans multiple pages of the decision and includes references to both the objective medical evidence and Plaintiff's subjective statements regarding her symptoms. [Filing No. 7-2, at ECF p. 22-25.]

For instance, the ALJ considered whether Plaintiff's severe impairment of COPD met or medically equaled the criteria of Listing 3.02 for chronic respiratory disorders. [Filing No. 7-2, at ECF p. 22.] The ALJ concluded that Listing 3.02 was not met because there was not supporting evidence of chronic obstructive pulmonary disease, chronic restrictive ventilator disease, or chronic impairment of gas exchange. [Filing No. 7-2, at ECF p. 22.] Plaintiff raises no challenges to the evidence cited regarding this or any other specific listing analyzed. [Filing No. 10, at ECF p. 8.] Thus, any potential argument regarding that evidence is effectively waived. *See, e.g., Hall v. Berryhill*, 906 F.3d 640, 644 (2018) ("[Plaintiff]'s argument is perfunctory and undeveloped, and therefore waived." (Internal quotation marks omitted)). Instead, Plaintiff's argument centers on alleged flaws with the opinion of the state agency consultants. As explained above, the ALJ did not rely on these opinions in making the findings regarding the listed impairments.

Plaintiff further claims the ALJ erred in assigning the "B Criteria" and determining that Plaintiff's affective disorder was not severe. [Filing No. 10, at ECF p. 9.] The ALJ concluded that Plaintiff's mental impairment did not meet or medically equal the criteria of Listing 12.04.

4

[Filing No. 7-2, at ECF p. 23.] Plaintiff notes that her consultative examination with psychologist Melissa Sprinkle on July 25, 2015, showed Plaintiff suffered from recurrent moderate major depressive disorder with moderate impact on quality of life, daily function, and ability to perform daily and work activities. [Filing No. 10, at ECF p. 9.] However, Plaintiff fails to connect this opinion with any alleged flaws except to claim that "[t]his opinion would imply greater than slight impact" and that Dr. Corcoran "was remiss in not including such in his assessment." [Filing No. 10, at ECF p. 9.] Regardless of any alleged error with Dr. Corcoran's opinion, the ALJ included major depressive disorder as a severe impairment at step two. [Filing No. 7-2, at ECF p. 24.] Moreover, as discussed in more detail below, the consultative exam Plaintiff references was consistent with and supported the ALJ's RFC finding in this case.

Finally, Plaintiff argues that the ALJ erred in assigning the paragraph B criteria and in determining that Plaintiff's affective disorder was not severe. [Filing No. 10, at ECF p. 9.] As the Commissioner notes, Plaintiff is raising raise a step two argument, rather than step three. At step two, as long as the ALJ found some combination of severe impairments and proceeded through the remaining steps while considering all impairments, both severe and non-severe, any alleged error is, at best, harmless. *See, e.g.*, *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) ("Step two is merely a threshold inquiry; so long as one of the claimant's limitations is found to be severe, error at that step is harmless."); *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) ("As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process. Therefore, the step two determination of severity is merely a threshold requirement." (Internal citations and quotation marks omitted)). As described above, the ALJ found multiple severe impairments in this case

5

and properly proceeded to the next step. Therefore, Plaintiff fails to show any error in this portion of the ALJ's decision.

      **b.**      **RFC determination**

Next, Plaintiff argues that the ALJ's RFC determination is unsupported (1) in light of the alleged step three errors, noted above; (2) because the ALJ's RFC did not account for Plaintiff's limitations in social functioning; (3) because the ALJ's RFC did not accommodate for Plaintiff's limitations in concentrating, persisting, or maintaining pace; and (4) because the ALJ's RFC did not account for fatigue. [Filing No. 10, at ECF p. 9.] "Our caselaw emphasizes that both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record, including even moderate limitations in concentration, persistence or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (internal citation and quotation marks omitted).

In relation to social function, the ALJ noted that:

> In interacting with others, [Plaintiff] has a mild limitation. [Plaintiff] exhibited appropriate behavior during her consultative examination and she had no problem interacting with the evaluator. (Ex. 7F). [Plaintiff] is able to engage appropriately with treating providers. [Plaintiff] is able to attend church service and visit with friends on a regular basis (Ex. 7F; 12F). The record as a whole does not establish severe interpersonal difficulties secondary to depression.

[Filing No. 7-2, at ECF p. 24.] Plaintiff cites to no medical or opinion evidence to support her argument that the ALJ's RFC finding should have included social limitations. As for concentration, persistence, and pace, the ALJ concluded that Plaintiff had a moderate limitation regarding concentrating, persisting, or maintaining pace. Specifically, the ALJ stated, "With regard to concentrating, persisting, or maintaining pace, [Plaintiff] has a moderate limitation. [Plaintiff] demonstrate[d] adequate concentration and attention during her consultative examination (Ex. 7F). The other evidence does not establish any deficits with concentration and

6

attention; however, [Plaintiff] alleges limited motivation and impaired pace resultant of her comorbidities." [Filing No. 7-2, at ECF p. 24.]

The ALJ attempted to address Plaintiff's moderate limitation with concentration, persistence, and pace by limiting Plaintiff to "simple, routine, and repetitive work." [Filing No. 7-2, at ECF p. 17.] "Though an RFC assessment need not recite the precise phrase 'concentration, persistence, or pace,' any alternative phrasing must clearly exclude those tasks that someone with the claimant's limitations could not perform." *Paul v. Berryhill*, No. 18-2180, 760 Fed. App'x. 460, 465 (7th Cir. Feb. 15, 2019). *See also Crump*, 932 F.3d at 570 ("When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence, or pace."); *Winsted v. Berryhill*, 923 F.3d 472, 476 (7th Cir. 2019) ("Again and again, we have said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations.").

In this case, however, Plaintiff cites no medical evidence indicating she was more limited than assessed. As described above, the ALJ noted that at her consultative examination with Dr. Sprinkle, Plaintiff demonstrated "adequate concentration and attention[.]" [Filing No. 7-2, at ECF p. 24.] The ALJ concluded that the other medical evidence did not establish any deficiency with Plaintiff's concentration and attention and only noted Plaintiff's subjective allegations of limited motivation and pace. [Filing No. 7-2, at ECF p. 24.] Thus, the ALJ did not omit any documented limitations.

Moreover, even if the ALJ's RFC assessment in this case was flawed, any error was harmless. *See, e.g., Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("Finally, even if the

7

ALJ's RFC assessment were flawed, any error was harmless.  It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none.  The ALJ found that Jozefyk's memory and concentration were slightly impaired, but Jozefyk cites no evidence that those deficits keep him from performing simple, routine, and repetitive tasks.").  Plaintiff's terse argument in this case contains no proper citations to case law or record evidence that the ALJ allegedly missed that would prevent him from completing "simple, routine, tasks."  *See, e.g., Pytlewski v. Saul*, No. 18-3673, __ Fed. App'x __, __, 2019 WL 5884542, *4 (7th Cir. Nov. 12, 2019) ("Pytlewski cites no evidence that his moderate limitations in concentration, persistence, and pace prevent him from completing 'simple, routine and repetitive tasks' while being restrained to occasional interaction with others.").  In addition, as noted above, Plaintiff cites no medical evidence indicating she was more limited than the ALJ's assessment.  In fact, Plaintiff's entire argument on this issue consists of a short paragraph in her opening brief that is woefully underdeveloped.  [Filing No. 10, at ECF p. 9]  And Plaintiff did not file a reply brief to respond to the Commission's thorough arguments.  [Filing No. 14, at ECF p. 8-12.]  Accordingly, the ALJ's RFC in this case adequately addressed Plaintiff's limitations.

Finally, Plaintiff claims that the ALJ's RFC does not account for fatigue.  [Filing No. 10, at ECF p. 9.]  Plaintiff contends that fatigue is "a reasonable issue given her other conditions."  [Filing No. 10, at ECF p. 9.]  While once again Plaintiff's argument is skeletal, she at least references, however briefly, her consultation with psychologist Dr. Sprinkle and notes that she complained of decreased sleep at night, napping during the day, and a lack of energy to complete household functions.  [Filing No. 10, at ECF p. 9.]  But Plaintiff cites no record medical evidence that she suffered from or was diagnosed with a severe impairment, such as sleep apnea or

8

hypersomnia, nor does she cite any medical opinions concluding that she was limited due to alleged fatigue. At most, Plaintiff seems to argue that the ALJ should have weighed the evidence regarding alleged fatigue differently. But it is not the role of the Court to re-weigh or evaluate evidence. *See, e.g., Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) ("Our review is deferential; we will not reweigh the evidence or substitute our judgment for that of the ALJ." Thus, the ALJ's RFC assessment is supported by substantial evidence and adequately addressed all necessary limitations.

        c.     **Evaluation of Plaintiff's subjective symptoms**

Plaintiff also contends that the ALJ's evaluation of her subjective symptoms was inadequate because the ALJ concluded that Plaintiff's statements were not entirely consistent with the medical evidence and found Plaintiff failed to follow prescribed treatment by making a personal treatment not to seek regular treatment. [Filing No. 10, at ECF p. 9.] As noted above, at step two, the ALJ listed Plaintiff's many severe impairments and recognized that these impairments significantly limit the ability to perform basic work activities, but ultimately found that the record evidence did not support Plaintiff's subjective allegations of their debilitating impact. Ultimately, the ALJ concluded that Plaintiff had the RFC to perform light work subject to certain additional limitations. [Filing No. 7-2, at ECF p. 25.]

In reaching this conclusion, ALJ cited to Plaintiff's testimony describing her symptoms and medical history, including her allegation that a heart attack, diabetes, high blood pressure, hypothyroidism, obstructive sleep apnea, goiter, brain aneurysm, anxiety, and depression prevented her from working. [Filing No. 7-2, at ECF p. 25.]. The ALJ further summarized Plaintiff's testimony and additional allegations of short-term memory loss, fatigue and shortness of breath, inability to tolerate extreme heat, and issues with prolonged walking. [Filing No. 7-2,

9

at ECF p. 25.] In addition, the ALJ noted Plaintiff's claim that her condition is unstable "because she is unable to afford medication and treatment to manage her symptoms." [Filing No. 7-2, at ECF p. 25-26.] The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record[.]" [Filing No. 7-2, at ECF P. 26.] "So long as an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

The ALJ's assessment of Plaintiff's symptoms in this case was not patently wrong. In evaluating Plaintiff's subjective symptoms, the ALJ cited specific record evidence, including the objective medical evidence of Plaintiff's significant medical history, but found that "the totality of evidence does not reflect clinical and diagnostic findings supportive of disability." [Filing No. 7-2, at ECF p. 26.] Additionally, the ALJ pointed to many examples in the record where Plaintiff's decision not to comply with proposed treatment contributed to her health issues.

To the extent that Plaintiff is arguing the ALJ did not consider her limited income in evaluating her compliance with treatment, the ALJ specifically mentioned Plaintiff's allegations of financial constraints and lack of insurance coverage. [Filing No. 7-2, at ECF p. 27.] But the ALJ ultimately found that the record indicated her decision not to regularly seek treatment was more of a personal choice. [Filing No. 7-2, at ECF p. 27.] In relation to Plaintiff's decision not to follow through with recommended treatment and medications because of her financial status, the ALJ noted that Plaintiff had, at times, been uninsured, but "she has had access to local health care clinics that offer free to low-cost medical treatment and prescriptions." [Filing No. 7-2, at

ECF p. 26.] The ALJ reiterated that the evidence indicated Plaintiff's compliance "waxed and waned" and that although Plaintiff's primary care physician warned her that her condition was chronic and life threatening without medical management, Plaintiff "remained poorly compliant with medical treatment irrespective of affordable and/or free medical options." [Filing No. 7-2, at ECF p. 26.] Thus, "[b]ecause [Plaintiff] has lacked compliance, her condition has remained unstable." [Filing No. 7-2, at ECF p. 26.]

Plaintiff fails to set forth a basis for concluding that the ALJ's consideration of Plaintiff's statements was patently wrong. Plaintiff cites no evidence to the contrary or that the ALJ allegedly overlooked or improperly analyzed. Indeed, Plaintiff's argument on this issue contains no citations to the record whatsoever. [Filing No. 10, at ECF p. 9.] Moreover, the ALJ included postural and environmental limitations in Plaintiff's RFC to account for Plaintiff's subjective complaints and longstanding medical history. [Filing No. 7-2, at ECF p. 28.] Therefore, the ALJ's evaluation of Plaintiff's subjective symptoms was proper.

### IV. Conclusion

In sum, the ALJ's findings were supported by substantial evidence. Accordingly Plaintiff's brief in support of appeal and request for remand should be denied. [Filing No. 10.]

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 12/26/2019     _____
                                        Tim A. Baker
                                        United States Magistrate Judge
                                        Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email